# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-1618

———————

Marie T. Niesen,                          *
                                          *
          Plaintiff - Appellee,           *
                                          *    Appeal from the United States
     v.                                   *    District Court for the
                                          *    District of Minnesota.
Gale Norton, Secretary of Interior,       *
United States Department of Interior,     *
                                          *         [UNPUBLISHED]
          Defendant - Appellant.          *

———————

Submitted: October 12, 2005
Filed: November 28, 2005

———————

Before BYE, BEAM, and SMITH, Circuit Judges.

———————

PER CURIAM.

Marie Niesen appeals from a final order entered in the District Court[1] for the District of Minnesota insofar as it granted summary judgment in a Title VII retaliation action in favor of her employer, the United States Department of the Interior.

———————

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

Niesen is employed by the Fish and Wildlife Service. On June 27, 2002, the department manager, Barbara Milne, reassigned Niesen to a non-supervisory position. Fish and Wildlife Service asserts that the reason for the reassignment was a breakdown of the working relationship between Niesen and her immediate supervisor, Rod Hartlieb. Niesen asserts that the reassignment was retaliation for participating in protected activity. The district court held Niesen was unable to establish a prima facie case under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973).

We review de novo a grant of summary judgment. Putnam v. Unity Health Sys., 348 F.3d 732, 733 (8th Cir. 2003). The party moving for summary judgment has the burden of proof, Celotex Corp. v. Catrett, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986), to show there is no genuine issue of outcome determinative material fact. See Get Away Club, Inc. v. Coleman, 969 F.2d 664, 666 (8th Cir. 1992) (citations omitted).

Title VII retaliation claims are analyzed under the burden shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792. Plaintiff has the initial burden to make a prima facie showing of retaliation. See id. at 510. To meet her burden, plaintiff must show: (1) protected activity, (2) adverse employment action, and (3) a causal connection between the protected activity and adverse action. See Cronquist v. City of Minneapolis, 237 F.3d 920, 929 (8th Cir. 2001). First, the parties agree Niesen engaged in protected activity. Second, she suffered an adverse employment action because she lost her supervisory status. See Williams v. City of Kansas City, 223 F.3d 749, 753 (8th Cir. 2000) (noting an "[a]dverse employment action is exhibited by a material employment disadvantage, such as a decrease in salary, benefits or responsibilities"); Miles v. Indiana, 387 F.3d 591, 600 (7th Cir. 2004) ("If the jury only found retaliation in the reassignment to a position that lacked any supervisory responsibility then providing equitable relief of supervisory responsibility

would make [plaintiff] whole . . . ."). Third, Niesen cannot establish a causal connection between the two.

Niesen offers a number of theories to establish such a causal connection, but cannot make the necessary showing. She relies on two pieces of evidence: the temporal connection between the protected activity and the adverse employment action, and Hartlieb's deposition testimony. The temporal connection in this case is insufficient, without more, to establish that Milne's animosity and actions toward her were anything other than a personality conflict or personal dislike of Niesen. Hartlieb's testimony demonstrates only that he believes Milne had retaliated against him personally.

Having carefully reviewed the briefs and the record, we find no reversible error in the trial court's disposition of this matter. Therefore, the judgment is affirmed. See 8th Cir. R. 47(B).

_____